UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAMARIS LOPEZ DE ROSARIO, on behalf of herself, individually, and on behalf of all others similarly-situated,

Plaintiff,

-against-

ELITE AIRLINE LINEN OF NEW YORK, INC., d/b/a ROYAL AIRLINE LINEN OF NEW YORK INC., and SANDOFRESH CLEANING SERVICE, INC.,

Defendants.

**COMPLAINT**

**Docket No.: 20-cv-2182**

Jury Trial Demanded

Plaintiff, DAMARIS LOPEZ DE ROSARIO, on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against ELITE AIRLINE LINEN OF NEW YORK, INC., d/b/a ROYAL AIRLINE LINEN OF NEW YORK INC. ("Elite"), and SANDOFRESH CLEANING SERVICE, INC. ("Sandofresh"), (together, where appropriate, as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.    This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-

1

2.2; (iii) the minimum wage provisions of the NYLL, NYLL § 652(1), 12 NYCRR § 142-2.1; (iv) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate if their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR §§ 142-2.4 and 143-3.16; (v) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (vi) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - Elite, a New York corporation that provides laundry services to the airline and hotel industry throughout the United States, including in New York, New Jersey, Pennsylvania, Virginia, and Maryland, and Sandofresh, Elite's professional employer organization ("PEO"), the two of which together operated as Plaintiff's joint employer - - as an hourly paid "Packer" and/or "Ironer" at their John F. Kennedy Airport facility in Far Rockaway, New York, from January 27, 2014 through December 4, 2019.

3.      As described below, throughout the entirety of Plaintiff's employment, but as is relevant herein, for at least the six-year period pre-dating the commencement of this action ("the relevant period"), Defendants willfully failed to pay Plaintiff the wages lawfully due to her under the FLSA and the NYLL.  Specifically, Defendants required Plaintiff to work, and Plaintiff did work, an average of sixty hours virtually each week during Defendants' busiest seasons  - - which typically took place as early as March and lasted until as late as October in any given year - - and still over forty hours in many weeks during slower months, yet Defendants failed to pay Plaintiff overtime compensation at the statutorily-required overtime rate of one and one-half times her regular rate of pay, or one and one-half times the minimum wage, if greater, for *any* hours that

Plaintiff worked in a week in excess of forty. Instead, Defendants paid Plaintiff at her straight-time rate for all hours worked, in violation of the overtime provisions of the FLSA and the NYLL.

4.     Defendants further violated the NYLL and the NYCRR throughout the relevant period by failing to: compensate Plaintiff at least at the statutorily-required minimum wage rate for all hours that she worked each week for all years other than 2016; pay Plaintiff spread-of-hours compensation of one hour's pay at the minimum wage rate on those days when her workday exceeded ten hours; provide Plaintiff with accurate wage statements on each payday; and provide Plaintiff with an accurate wage notice at the time of hire.

5.     Defendants paid and treated all of their packers and ironers in the same manner.

6.     Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during applicable FLSA limitations period, who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings her claims under New York law on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

7.     Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

10.     At all times during the relevant period, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11.     At all times during the relevant period, Defendant Elite was and is a New York corporation with its principal place of business located at 1107 Redfern Avenue, Far Rockaway, New York, 11691.  Moreover, at all relevant times herein, Defendant Elite was and is a "large employer" in New York City, in that Elite does and did employee eleven or more employees in New York City, specifically in Far Rockaway, Queens.

12.     At all times during the relevant period, Defendant Sandofresh was and is a New York corporation with its principal place of business located at 55 Westcott Street, Inwood, New York 11096.  Moreover, at all relevant times herein, Defendant Sandofresh was and is a "large employer" in New York City, in that Sandofresh does and did employee eleven or more employees in New York City, specifically in Inwood, Queens.

13.     At all times during the relevant period, both Defendants were and are "employers" within the meaning of the FLSA and the NYLL.  Additionally at all times relevant to the FLSA,

4

each of Defendants' qualifying annual business exceeded and exceeds $500,000.00, and Defendants both were and are engaged in interstate commerce within the meaning of the FLSA, as they both employ two or more employees and do business across state lines by, in the case of Elite, providing laundry services to airlines and hotels that operate in various states, including in New York, New Jersey, Pennsylvania, Virginia, and Maryland, and in the case of Sandofresh, providing PEO services to Elite and other companies across state lines, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees, who during the applicable FLSA limitations period, performed any work for Defendants as a packer or ironer, or other similar position, who were paid on an hourly basis, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

15.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

16.     At all times during the relevant period, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

17.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees proper overtime compensation at the statutorily-required rate for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

18.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of herself, individually, as well as on behalf of all those who are similarly-situated whom Defendants subjected to violations of the NYLL and the NYCRR.

19.     Under FRCP 23(b)(3), a plaintiff must plead that:

    a.   The class is so numerous that joinder is impracticable;

    b.   There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.   Claims or defenses of the representative are typical of the class;

    d.   The representative will fairly and adequately protect the class; and

    e.   A class action is superior to other methods of adjudication.

20.     Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial employees, who during the applicable NYLL limitations period, performed any work for Defendants in New York as a packer, ironer, or in a similar position and who were paid on an hourly basis ("Rule 23 Plaintiffs").

<u>Numerosity</u>

21.      During the previous six years Defendants have employed, in total, at least forty employees who are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

22.      There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether the Rule 23 Plaintiffs worked in excess of forty hours in a week; (4) whether Defendants failed to pay the Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty in a week; (5) whether Defendants failed to pay the Rule 23 Plaintiffs at least at the statutorily-required minimum wage rate for all hours worked; (6) whether Defendants failed to pay the Rule 23 Plaintiffs their spread-of-hours pay for each day where their workday exceeded ten hours from beginning to end; (7) whether Defendants furnished the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (8) whether Defendants furnished the Rule 23 Plaintiffs with an accurate wage notice at the time of hire containing the information required by NYLL § 195(1); (9) whether Defendants kept and maintained accurate records of hours that the Rule 23 Plaintiffs worked; (10) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (11) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (12) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (13) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

23.    As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants as packers and ironers or other similar positions in New York while being paid on an hourly basis, and Defendants did not: properly pay them overtime at a rate of one and one-half times their regular rate of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked in a week over forty; and/or pay them at least at the statutory minimum wage rate for all hours worked; and/or provide them with spread of hours compensation for all days where their workday exceeded ten hours from beginning to end; and/or provide them with accurate wage statements on each payday; and/or provide them with an accurate wage notice at the time of hire.  Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL and the NYCRR to receive overtime wages at the statutorily-required rate of time and one-half their regular rate of pay, or one and one-half the minimum wage rate, if greater, for all hours worked each week over forty, to be paid at least at the statutory minimum wage rate for all hours worked, to receive spread of hours compensation on the days that their spread of hours exceeds ten, and to be furnished with accurate wage statements on each payday and an accurate wage notice at the time of hire.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendants' defenses to those claims.

## Adequacy

24.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendants.  Defendants did not pay Plaintiff overtime at a rate of time and one-half her regular rate of pay, or one and one-half the minimum wage rate, if greater, for all of her hours worked over forty in a week, did not pay Plaintiff at least at the minimum wage rate for all hours worked, did not pay Plaintiff spread of hours pay of one hour at the minimum wage rate for each day where her workday exceeded ten hours from beginning to end, and did not furnish Plaintiff with accurate wage statements on each payday or with an accurate wage notice at the time of hire, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.  Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that may be raised in Defendants' Answer that pertain to her.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

25.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

## Superiority

26.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all times during the relevant period , Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

27.     Any lawsuit brought by any packer or ironer or person working in another similar position for Defendants would be identical to a suit brought by any other similar employee for the same violations as alleged herein.  Thus, separate litigation would risk inconsistent results.

28.    Accordingly, the means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

29.    Defendant Elite is a Far Rockaway, New York-based company that provides laundry services to airlines and hotels throughout the United States, including, at a minimum, in New York, New Jersey, Pennsylvania, Virginia, and Maryland.

30.    Defendant Sandofresh is an Inwood, New York-based company that provides PEO services to numerous cleaning services companies, such as Defendant Elite.  Specifically, Sandofresh handled Elite's: personnel-related events, such as hiring, firing, and disciplining employees; payroll; and administered its employee benefits.

31.    Defendants together acted as Plaintiff's joint employer, in that: both Defendants employed Plaintiff at Defendant Elite's physical premises, with Plaintiff using Elite's physical equipment to complete Plaintiff's work; both Defendants can and do shift as a unit from one putative joint employer to another, in this case Defendant Elite utilizing Sandofresh as its PEO to handle staffing Elite's needs, in addition to Sandofresh providing similar services for numerous other clients in other facilities aside from Elite's; Plaintiff performed a discrete line job as an ironer and/or packer that was integral to Defendant Elite's process of production; responsibility for paying and controlling Plaintiff can and did pass from Elite to Sandofresh in that Sandofresh determined Plaintiff's rate/rates of pay, communicated those rates to Elite, and Sandofresh paid Plaintiff her wages after receiving payment from Elite for Plaintiff's work; and Defendant Elite directly supervised Plaintiff's work while Defendant Sandofresh handled all administrative aspects of Plaintiff's job.

32.     To that end, Elite, through Sandofresh, hired Plaintiff on January 27, 2014, to work at Elite's laundry warehouse in Far Rockaway, New York, where Plaintiff worked as an ironer until in or around January 2017, at which time she began working primarily as a packer while at times assisting as an ironer, a role in which she remained until December 4, 2019.

33.     As an ironer, Plaintiff's primary job duties consisted of ironing laundry, including blankets, sheets, pillowcases, and napkins that were used by airlines and hotels.

34.     As a packer, Plaintiff's primary job duties consisted of removing laundry - - including, blankets, sheets, pillowcases, and napkins - - from machines and packing them into plastic bags for delivery to airlines or hotels.

35.     Throughout at least the relevant period, Defendants required Plaintiff to work different hours during different seasons.  As is relevant to this action, during the months of March through October, Defendants typically required Plaintiff to work, and Plaintiff did work, an average of sixty hours virtually each week and often as many as seventy-eight hours in a week, typically from Tuesday through Saturday or Sunday, from as early as 3:30 p.m. through as late as 5:00 a.m., with one thirty-minute unpaid break each day.

36.     At all other times throughout her employment during the relevant period aside from March through October, Plaintiff worked an average of forty-two and one-half hours virtually each week and often as many as fifty-seven hours in a week, Tuesday through Saturday, from 3:30 p.m. through between 9:30 p.m. and 10:30 p.m., with one thirty-minute unpaid break each day.

37.     Regardless of the season, year, or week, Defendants paid Plaintiff at the following rates of pay for all hours worked, including those hours beyond forty each week:

a.   from at least the beginning of the relevant period through December 2015, at the rate of $7.75 per hour, which was below the New York minimum wage rate of $8.00 during 2014, and $8.75 during 2015.

b.   throughout 2016, at the rate of $9.25 per hour;

c.   throughout 2017, at the rate of $10.00 per hour, which was below the New York minimum wage rate of $11.00 per hour during that time;

d.   during the month of January 2018, at the rate of $11.00 per hour, which was below the New York minimum wage rate of $13.00 per hour during that time;

e.   from February 2018 until the end of that year, at the rate of $12.00 per hour, which was below the New York minimum wage rate of $13.00 per hour during that time; and

f.   throughout 2019, at the rate of $13.00 per hour, which fell below the New York minimum wage rate of $15.00 per hour during that time.

38.   Thus, during all years other than 2016, Defendants paid Plaintiff below the applicable New York minimum wage rate.

39.   At no time during the relevant period did Defendants ever pay Plaintiff one and one-half times her regular rate of pay, or one and one-half times the minimum wage, if greater, for any hours that she worked over forty in a week.

40.   Regardless of the week worked during the months between March and October, she virtually at all times worked in excess of forty hours in a week.  By way of example, for the pay period of June 3 through June 9, 2019, Defendants required Plaintiff to work, and Plaintiff did work, a total of sixty hours according to the following schedule:

Monday June 3, 2019: off;

12

Tuesday, June 4, 2019: 3:30 p.m. to 5:00 a.m. with a thirty-minute break;

Wednesday, June 5, 2019: 3:30 p.m. to 5:00 a.m. with a thirty-minute break;

Thursday, June 6, 2019: 3:30 p.m. to 5:00 a.m. with a thirty-minute break;

Friday, June 7, 2019: 3:30 p.m. to 5:00 a.m. with a thirty-minute break;

Saturday, June 8, 2019: 3:30 p.m. to 12:00 a.m. with a thirty-minute break; and

Sunday, June 9, 2019: Off.

For her work during this workweek, Defendants paid Plaintiff at her straight-time rate of $13.00 per hour for all hours worked.

41.    Further, Defendants required Plaintiff to work shifts that exceeded ten hours from start to finish throughout her employment, including on June 3 through June 9, 2019, as described in the paragraph above, yet for those days failed to pay her an additional hour's pay at the applicable minimum wage rate.

42.    Defendants paid Plaintiff on a weekly basis.

43.    On each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with a wage statement that accurately listed, *inter alia*, her actual hours worked, her overtime rate and overtime wages owed, and her spread-of-hours wages owed for that week.

44.    Additionally, Defendants did not provide Plaintiff with any wage notice at the time of her hire, let alone one that accurately contained, *inter alia*, Plaintiff's rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances claimed, or the regular payday on which she would be paid.

45.    Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

46. Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

47. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the FLSA*

48. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

50. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

51. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to properly compensate them in accordance with the FLSA's overtime provisions.

52. Defendants willfully violated the FLSA.

53. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

54. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the NYLL and the NYCRR*

55.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56.     NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half time the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

57.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

58.     As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

59.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half the applicable minimum wage rate, if greater.

60.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Minimum Wages Under the NYLL and the NYCRR*

61.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62.     NYLL § 652(1) and NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

63.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

64.     As also described above, Defendants failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in accordance with the NYLL's and the NYCRR's minimum wage provisions.

65.     At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to pay at the minimum wage rate for all hours worked.

66.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Violation of the NYLL's and the NYCRR's Spread of Hours Requirement*

67.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68.     NYLL § 652 and 12 NYCRR § 142-2.4 provide that employees shall receive one hour's pay at the minimum hourly wage rate for any day worked in which their spread of hours exceeds ten.

69.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

70.     As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

71.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum hourly wage rate, for any day worked in which their spread of hours exceeded ten.

72.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

73.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

75.     As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with wage statements that accurately contained the criteria required under the NYLL.

76.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

77.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Provide Accurate Wage Notices in Violation of the NYLL*

78.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

79.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

80.     As described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with any wage notice at hire, let alone one that accurately contained all of the criteria required under the NYLL.

81.     Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50 for each workweek after the violation initially occurred, up to a statutory cap of $2,500.

82.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50 for each workday after the violation initially occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.     An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d.     Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.     Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f.     All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g.     Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h.     Designation of Plaintiff and her counsel as collective and class action representatives under the FLSA and the FRCP;

i.     Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

j.     Pre-judgment and post-judgment interest, as provided by law; and

k.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further

relief as this Court finds necessary and proper.

Dated:  New York, New York
        May 13, 2020

                              Respectfully submitted,

                              BORRELLI & ASSOCIATES, P.L.L.C.
                              *Attorneys for Plaintiff*
                              655 Third Avenue, Suite 1821
                              New York, New York 10017
                              Tel. (212) 679-5000
                              Fax. (212) 679-5005


                        By:   _____
                              MICHAEL R. MINKOFF (MM 4787)
                              ALEXANDER T. COLEMAN (AC 8151)
                              MICHAEL J. BORRELLI (MB 8533)

21